## DEGREE OF RESPONSIBILITY AS BETWEEN A PASSENGER AND THE DRIVER OF AN AUTOMOBILE IN COLLISION.

Court of Appeals for Lucas County.

GEORGE E. MAYERS v. THE TOLEDO RAILWAYS & LIGHT COMPANY.

Decided, January 18, 1915.

*Collision Between Automobile and Street Car—Passenger in Automobile Injured—Driver's Negligence Imputable to the Passenger—Charge of Court.*

In an action against a street railway company by one injured in a collision between a car and an automobile in which plaintiff was riding as a guest, it is error to intimate in the charge to the jury that if the automobile was recklessly handled the plaintiff was at fault in not controlling its operation, or that it was as much the plaintiff's duty as it was the driver's to exercise such care as reasonably prudent men would exercise under similar circumstances, or to exercise particular care in approaching a crossing to ascertain whether a car was approaching, or to say that if the accident was proximately caused by the negligence of the driver the plaintiff can not recover.

*Kohn, Northup, Ritter & McMahon* and *Charles H. Masters,* for plaintiff in error.
*Tracy, Chapman & Welles,* contra.

KINKADE, J.; CHITTENDEN, J., concurs; RICHARDS, J., not sitting.

Error to the court of common pleas.

Mayers brought an action in the court of common pleas to recover damages sustained by him through the alleged negligent conduct of the defendant company. A collision occurred between an automobile belonging to and driven by Henry E. Reik, in which Mayers was riding as a passenger, and a street car owned and operated by the railway company, at the intersection of Door street and the City Boulevard. In the collision

Mayers received the injuries for which he claims damages in this action. The jury returned a verdict in behalf of the defendant. Numerous errors are assigned as justifying a reversal of the judgment which was rendered on this verdict.

Among others, our attention is called to the giving by the court before argument, of certain requests presented by counsel for the defendant company. Of the requests to which our attention is called, we find that numbers two, four and six, which were given in behalf of the defendant, are open to criticism and should have been modified or omitted, but that the giving of these requests does not constitute prejudicial error justifying a reversal.

We find that requests seven, eight and thirteen, given in behalf of the defendant, which are as follows:

"7. If you find that the plaintiff was himself negligent in riding in the automobile driven by Reik, and permitting same to be operated, as you may find same was operated by Reik, and in remaining in same after observing Reik's manner of operation, and if you find that such negligence on the part of plaintiff proximately contributed to his injuries, your verdict must be for the defendant.

"8. You are instructed that plaintiff could not ride in the automobile operated by Reik and sit in the front seat beside Reik and close his eyes and ears to all possible dangers and rely entirely upon Reik for plaintiff's safety, but that on the contrary it was plaintiff's duty, as much as it was Reik's, to exercise such care as reasonably prudent men would exercise in such circumstances to observe and avoid such pending dangers as could be observed and avoided by the use of the senses of sight and hearing, and if you find that plaintiff failed to exercise such degree of care, and that such failure on his part proximately contributed to his injuries, your verdict must be for the defendant.

"13. The fact, if you find it to be a fact, that the view of the plaintiff and the other occupant of the automobile up the street car tracks to the west was obscured wholly or partially as the automobile approached the tracks, would not relieve the plaintiff from the duty of exercising his senses of sight and hearing, to ascertain whether or not a car was approaching, but would, on the contrary, require him to exercise greater care in that respect, before proceeding to cross the car tracks,"

are not correct statements of the law applicable to this case. We think number seven states the law too severely against the plaintiff, in that it carries a strong intimation that he was permitting the automobile to be operated in an improper manner when he might have controlled its operation, and that he remained in the automobile when thus improperly operated, after being afforded opportunity to leave the car. We see nothing in the evidence, manifest in the record in this case, to justify this request in the form given. It will be noted that in request number eight the plaintiff's duty as a passenger in the machine is stated to be practically the same as that of Reik, who was the owner and driver of the automobile, and to this extent we think this charge was erroneous and prejudicial. Request number thirteen placed upon plaintiff as a passenger in the automobile, the duty of exercising as high a degree of care with respect to his safety as rested upon the driver of the automobile, and in this respect we think the request was erroneous and prejudicial.

An exception was saved to the general charge and it appears upon examination of the charge that the same is consistent with the statements in requests seven, eight, and thirteen above quoted, and we think the charge goes much farther than did these requests. On page 108 we find this language:

"If the accident was proximately caused by the negligence of the witness Reik, who drove the automobile, the plaintiff can not recover. If the negligence of Reik and the street car company concurred and acted together as you find from the evidence, then the negligence of the witness, Reik, would not be imputed to the plaintiff as contributory negligence of his own, but as you have already been instructed, the plaintiff was not exonerated from any duty at all by reason of the fact that he himself was not driving the machine."

It is plainly manifest from the portions of the charge quoted and particularly when taken in connection with requests seven, eight and thirteen, given in behalf of the defendant, that the court intended to convey to the jury the impression that the passenger was charged with exercising as high a degree of care

for the safety of the situation as was the owner and driver of the vehicle.  It is true that the court did say to the jury that the plaintiff was required to exercise ordinary care for his own safety, but we think the language quoted very misleading in this respect; while required to exercise ordinary care for his own safety, it is not correct to say that the measure of that ordinary care is the same care that was required of the driver and owner of the machine.  The plaintiff was neither the driver nor the owner. He was a passenger, a guest of the driver, and the care that he was required to exercise was only such care as men of ordinary care and prudence are accustomed to exercise under the same or similar circumstances; that is to say, when they are riding as passengers or guests of another under like circumstances.  It is a fact known to everybody that persons who are simply passengers or guests in a conveyance are often engaged in conversation on a journey and are not giving much heed to the immediate surrounding.  They are conducting themselves just as people of ordinary care and prudence are accustomed to conduct themselves under such circumstances, and it is not the law that every passenger or guest in a conveyance is charged with the duty of supervising the action of the driver and warning him of dangers that he may possibly encounter at street crossings, etc.  In other words, they are not charged with the duty of exercising all of the care that it is necessary to exercise to properly operate the car, and if they attempted to meddle with the business of the driver to this extent, it might well be said that their conduct would in no sense be conductive to safety.  If the passenger has no reason to believe that the driver is incompetent or reckless, about the best thing that the passenger can do for his own safety and that of his associates is to permit the driver of the vehicle to manage it without any intermeddling on the part of passengers.  It is true that in the charge of the court it was stated that the negligence of the driver could not be imputed to the passenger as contributory negligence on the part of the passenger.  While this is a correct statement of the law, it is not a sufficient statement of the law when it immediately

follows the statement, "If the accident was proximately caused by the negligence of the witness, Reik, who drove the automobile, the plaintiff can not recover." It has been stated by the Supreme Court, that when a charge is contradictory in itself it is impossible for a reviewing court to say which statement in the charge the jury followed—whether the correct or the incorrect statement of the law. It is contended on behalf of the defendant in error that the railway company was entitled to a directed verdict in its favor at the conclusion of the evidence in this case, and that consequently, any errors that may be found in that record are of no moment and should be disregarded because the verdict of the jury and the judgment thereon are in accord with substantial justice. The evidence is very much in conflict on the essentials of this case and, after examining it, we are unable to say that the state of the evidence was such that the defendant below was entitled to a directed verdict in its favor. The evidence being in conflict, as to the main issues, we think it of the highest importance that the rules of law governing should be correctly stated. In view of the fact that the case must be remanded for a new trial, we purposely avoid any comment on the evidence.

We find no other error in the record prejudicial to the plaintiff in error justifying a reversal, but for the errors mentioned, to-wit, the giving of defendant's requests seven, eight and thirteen, and the portions of the charge to which attention has been called, the judgment must be reversed and the cause remanded for a new trial.